

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 10-30040-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | ADOPTING REPORT AND |
| | * | RECOMMENDATION AND |
| VINCENT KILLS PLENTY, JR., | * | DENYING MOTION TO |
| | * | SUPPRESS |
| Defendant. | * | |

## I. INTRODUCTION

Defendant, Vincent Kills Plenty, Jr., filed a Motion to Suppress (Doc. 20) concerning statements he allegedly made to Michael Holt ("Agent Holt"), a special agent with the Federal Bureau of Investigation, and Gerald White ("Officer White"), an officer with the Bureau of Indian Affairs, on November 30, 2009. Defendant argues that the statements were obtained involuntarily. The matter is before the Court on the Report and Recommendation (Doc. 30) of United States Magistrate Judge Mark A. Moreno, which was entered on September 8, 2010. After conducting an evidentiary hearing on September 3, 2010, Magistrate Judge Moreno has recommended that Defendant's Motion to Suppress the statements be denied.

Copies of the Report and Recommendation were served upon the parties as required by 28 U.S.C. § 636. In considering a magistrate judge's recommendation on a dispositive

matter, such as a motion to suppress evidence, a district court must make a "de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Defendant filed objections to the Report and Recommendation (Doc. 32) on September 13, 2010. This Court has conducted a de novo review of the record and Defendant's objections. This Court sustains in part and overrules in part Defendant's objections and adopts the Report and Recommendation with the following qualifications.

## II. DISCUSSION

The objections contained within Section A of Defendant's written objections - entitled "Involuntary Statement Under Totality of Circumstances" - are overruled because this Court adopts in full the Magistrate Judge's Report and Recommendation concerning the findings objected to in that section. Because the arguments contained within Section B of Defendant's objections - entitled "Use of Extrinsic Evidence Not Introduced by the Government" - were first raised following issuance of the Report and Recommendation, further discussion of those objections is necessary.

Kills Plenty objected to the Magistrate Judge's finding in the Report and Recommendation that Kills Plenty was 29 years old at the time of the interview, had obtained his GED, and could read and write in the English language. No evidence was presented at the motion hearing setting forth this information. However, Kills Plenty did provide this information to the Magistrate Judge at Kills Plenty's Initial Appearance that was held on June 10, 2010. Because Kills Plenty directly presented this information to the Magistrate Judge in a prior hearing, this Court does not find merit in Kills Plenty's contention that - by including

the information in the Report and Recommendation - the Magistrate Judge "assist[ed] the Government in meeting its burden by considering extrinsic evidence, outside the evidence presented at the motion hearing." (Doc. 32, at 4-5).

Kills Plenty also objected to the Magistrate Judge's findings outlining Kills Plenty's criminal history. The Report and Recommendation states that Kills Plenty's "previous contacts with law enforcement, including state charges in 2000, 2007, and 2009 (one of which resulted in 18 months of supervised probation) and arrests by tribal police on numerous occasions between 2003 and 2005, militate in favor of voluntariness." (Doc. 30, at 4). None of this information can be found in the record available to this Court. Therefore, Defendant's objection to the finding concerning Kills Plenty's criminal history is sustained.

Experience with law enforcement is but one factor for this Court's consideration of whether a defendant's statements were voluntary. See United States v. Reynolds, No. 09-30106, 2010 U.S. Dist. LEXIS 41814, at *8-9 (D.S.D. Apr. 28, 2010) (citing United States v. Gallardo-Marquez, 253 F.3d 1121, 1123-24 (8th Cir. 2001)). As discussed in the Report and Recommendation, the remaining factors surrounding Kills Plenty's interview militate in favor of voluntariness. In addition, a statement cannot be rendered involuntary by the incapacity of the suspect alone; there must be some coercive police activity. Colorado v. Connelly, 479 U.S. 157, 164, 167 (1986). This Court adopts the Magistrate Judge's finding that no coercive or overreaching police activity necessary to render Kills Plenty's statements involuntary occurred in this case.

Kills Plenty contends that he improperly signed the Advice of Rights form (Exh. 1) and that this raised a question about his ability to understand and comprehend on November

30, 2009. After Agent Holt read Kills Plenty's rights to him, Kills Plenty initially placed his signature in the witness block of the form rather than in the consent block. (T. 15-19). In response, Agent Holt explained to Kills Plenty that Kills Plenty signed in the wrong place. (T. 18). Kills Plenty then signed the form in the appropriate place for consenting to answer questions, affirming that "I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present." (T. 18; Exh. 1). Both of Kills Plenty's signatures occurred prior to the interview. (T. 19).

In his objection, Kills Plenty also noted that Agent Holt did not read the consent portion of the rights waiver to Kills Plenty. Instead, after reading verbatim the portion of the form advising Kills Plenty of his rights, Agent Holt provided Kills Plenty with the form and instructed Kills Plenty to "read this and if you want to talk to me, we need to sign this." (T. 52). Agent Holt testified that Kills Plenty did not immediately sign the consent portion of the form. (T. 53). Rather, Kills Plenty looked at the form, his eyes tracked the page as if he was reading the form, and then he twice signed the form. (T. 52-53). Under the totality of the circumstances, the Government has proven that Kills Plenty possessed the ability to understand and comprehend his rights, and his statements were voluntary. This Court thus adopts the Magistrate Judge's finding that Kills Plenty's statements on November 30, 2009 to Agent Holt and Officer White were voluntary.

Therefore, it is

ORDERED that the Report and Recommendation (Doc. 30), as altered by this Opinion and Order, is adopted by the Court. It is further

ORDERED that the Defendant's Objections to the Report and Recommendation are sustained in part and overruled in part. Finally, it is

ORDERED that the Motion to Suppress (Doc. 20) is denied.

Dated this 20th of September, 2010.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE